O. D. Bratton v. Commissioner.
Bratton v. Commissioner
Docket No. 41358.
United States Tax Court
T.C. Memo 1956-127; 1956 Tax Ct. Memo LEXIS 169; 15 T.C.M. (CCH) 655; T.C.M. (RIA) 56127; May 24, 1956
Lowell W. Taylor, Esq., 950 Commerce Title Building, for the petitioner. A. Robert Doll, Esq., for the respondent. JOHNSON
Memorandum Findings of Fact and Opinion JOHNSON, Judge: In a memorandum opinion [ entered herein on August 12, 1953, we sustained the disallowance by the respondent as a bad debt in 1950 the amount of $15,041.71, which petitioner paid in that year to creditors of Stable Wood Products, Inc., therein referred to as the Corporation. On appeal by the petitioner the United States Court of Appeals for the Sixth Circuit held that the payments constituted a contribution to capital to the extent that the petitioner voluntarily released the Corporation in October, 1950, of liability to him for repayment. In view of *170 the fact that the findings of fact before the Court did not show the scope of the release, or whether the payments by petitioner were made before October 1950, or thereafter, if at all, the Court remanded the case "for findings as to the scope of the release in October 1950, and for further proceedings in accordance with the opinion herein." . At the hearing held on May 2, 1955, under the mandate, the parties stipulated that in May, 1950, and in that year prior to October, petitioner made payments totaling $11,480.14 on the personal notes which he gave to the creditors of the Corporation in 1949, and that in addition thereto he made payments in May, June and July, 1950, of amounts totaling $3,561.57 to certain payees on notes given in 1949, and testimony was submitted on the scope of the release in October, 1950. The stipulation of facts is incorporated herein by reference as part of our findings under the mandate. From other evidence we make the following additional findings of fact in the proceeding. At the time of the sale of the stock to Judd in October, 1950, petitioner agreed with Judd that he would not make claim against the Corporation for *171 any of the amounts he had paid in that year to its creditors. The petitioner did not make such an agreement with the Corporation. The amounts paid by petitioner were charged off of the books of the Corporation. It appearing from the facts that all of the payments in controversy were made by the petitioner before October, 1950, when he voluntarily released the Corporation from liability to him for repayment, the amount in controversy constitutes a capital contribution under the opinion of the Court of Appeals and, therefore, is not deductible as a bad debt. Petitioner on brief said that he "would feel constrained to concede that he is entitled to no further relief in this case," except for the opinion of the same Court of Appeals in , which he regards as authority for allowing the amount as a loss deduction under section 23(e). The Court of Appeals having decided in this proceeding that any payments made before the release given in October, 1950, constituted capital contributions, we are bound by the Court's opinion and the mandate therein. . Accordingly, the decision *172 entered herein on September 22, 1953, will be vacated and a decision entered that the deficiencies are in the same amounts.